VINCENT ERIC RELEFORD V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-053-CR

VINCENT ERIC RELEFORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Vincent Eric Releford, Appellant, appeals his conviction for aggravated assault raising two points.  Appellant contends that: 1) the evidence at trial was factually insufficient to support the conviction; and 2) the trial court erred when it overruled Appellant’s objection to the prosecution’s alleged improper jury argument.  We affirm the trial court’s judgment.

FACTS

On November 25, 2000, Appellant invited Eddie Degrete over to his house to work on his television cable connection.  Once Degrete entered the home, Appellant assaulted Degrete with a knife.  During the assault, Appellant threatened to kill Degrete and his family.  Eventually Degrete managed to calm Appellant enough to exit the house.  Once outside, Appellant’s neighbor Forest Gilbert saw Appellant and Degrete speaking in normal voices.  

Once Degrete left Appellant’s house he reported the assault to the police.  The District Attorney’s office charged Appellant with aggravated assault and tried Appellant to a jury.  The jury found Appellant guilty and sentenced him to ten years’ imprisonment.  

FACTUAL SUFFICIENCY

Appellant alleges in his first point that the evidence at trial was factually insufficient to support his conviction.  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  
 In the present case, Degrete testified as the State’s sole witness to the crime.  Degrete testified that on the day of the assault, Appellant approached him on the street.
  
Degrete worked for AT&T, and Appellant told him that his cable malfunctioned and that he wanted Degrete to inspect it.
  
Degrete agreed to look at Appellant’s cable. 

When Degrete arrived at Appellant’s home, Appellant invited him in and then accused Degrete of having an affair with his wife.
  
Degrete testified that Appellant pulled a knife on him and threatened to harm him and his family.
 
Appellant then took Degrete’s clipboard and attempted to compare Degrete’s handwriting with handwriting on a form Appellant had with him.
  

Eventually, Degrete calmed Appellant down and left the house.
  
Once outside, Degrete attempted to leave, but Appellant would not allow him to get into his truck.
  
Degrete testified that Appellant did not have the knife in his hands once he got outside.
  
When Appellant blocked his way to his truck, Degrete then went over to the home of Forest Gilbert, one of Appellant’s neighbors.
  
Degrete requested that Gilbert go and get his truck for him, but Gilbert refused to get involved.
  
Degrete eventually got into his truck and left the home.
  

Gilbert testified as a defense witness at trial.
  
He stated that he observed Appellant and Degrete on Appellant’s front porch talking in a normal tone of voice.
  
Degrete came over to Gilbert’s property and requested that Gilbert remove his truck from Appellant’s driveway.
  
Gilbert declined to help him.
 
 Gilbert further testified that he saw a piece of paper in Appellant’s hand.
  
Gilbert testified that he did not see Appellant holding a knife, nor did Degrete mention anything about the assault that had just occurred.
  

Appellant testified at the trial to substantially similar facts as Degrete and Gilbert.  During trial, Appellant still maintained that Degrete was having an affair with his wife.
  
Appellant testified that he invited Degrete to his home in order to confront him over the affair.
  
Appellant testified that once Degrete entered the home, Appellant took Degrete’s clipboard in order to compare the handwriting on it with a previous order form.
  
Appellant further testified that he stood very close to Degrete while they were in the home.
  

Appellant responded to questions about whether he held a knife to Degrete by saying that he did not need a knife to harm Degrete had that been his intent.
  
Appellant further testified that he owned a knife that matched the description of the weapon used in the assault.
  
Appellant maintained that he did not use it on Degrete or threaten Degrete’s family with harm.
  

Appellant bases his factual sufficiency challenge on his and Gilbert’s testimony and the fact that the police never recovered the knife.  Appellant claims that the jury could not rely on Degrete’s testimony by itself to convict him of aggravated assault.  Appellant further states that the jury could not ignore Appellant’s and Gilbert’s testimony that showed Appellant did not have a knife.  Appellant argues that this testimony directly contradicts Degrete’s testimony.  We disagree.  

Gilbert’s testimony in no way contradicts Degrete’s testimony.  Degrete testified at trial that Appellant no longer had the knife when he went outside.
  
He further testified that Appellant followed Degrete over to Gilbert’s property and that Degrete requested Gilbert to remove his truck from Appellant’s property.
  
Gilbert’s testimony supported this rendition of the facts.  Gilbert’s testimony showed that Appellant and Degrete were speaking in a normal tone of voice when they came out of the house, and that Appellant no longer carried a knife.
  
This testimony does not refute Degrete’s.

The jury could have determined that Degrete was talking in a normal tone in a continuing attempt to calm Appellant, and that Degrete did not mention the assault because he feared angering Appellant further.  The jury could have also decided that Appellant put the knife away prior to leaving the house.  Both of these conclusions would reconcile Gilbert’s testimony with Degrete’s and both are logical conclusions based on the evidence at trial.  
See Tippitt v. State
, 41 S.W.3d 316, 327 (Tex. App.—Fort Worth 2001, no pet.) (holding that “when we are faced with a record that supports conflicting inferences, we must presume that the trier of fact resolved such conflicts in favor of the prosecution and must defer to that resolution”).

Because we hold that Gilbert’s testimony does not contradict Degrete’s, Appellant’s factual sufficiency challenge can only rest on Appellant’s  testimony contradicting Degrete’s and the fact that the police never recovered the knife used in the assault.  Only Appellant and Degrete witnessed the crime in this case, and they similarly testified to what occurred.  Their testimony varied only over whether Appellant threatened Degrete and his family and whether he used a knife.  Ultimately, the case came down to whether the jury believed Appellant or Degrete’s version of the facts.  The jury chose to believe Degrete and to disbelieve Appellant, and we must defer to this finding.  
See Bonham v. State
, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), 
cert. denied
, 474 U.S. 865 (1985) (holding that the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony); 
Bottenfield v. State
, 77 S.W.3d 349, 355 (Tex. App.—Fort Worth 2002, pet. ref’d) (“
The jury is free to believe or disbelieve the testimony of any witness, to reconcile conflicts in the testimony, and to accept or reject any or all of the evidence of either side.”).  

Finally, the fact that the knife was not recovered does not cast a shadow of doubt on the verdict.  Appellant testified at trial that he owned a knife that met the description of the weapon used in the assault.
  
The lack of the actual knife at trial was of little consequence.

After 
viewing all the evidence in a neutral light, we hold that the evidence is not so weak as to be clearly wrong and the adverse finding is not against the great weight and preponderance of the evidence. 
Johnson
, 23 S.W.3d at 7, 11.
  
We hold that the evidence was factually sufficient to support the trial court’s judgment.  We overrule Appellant’s first point.

JURY ARGUMENT

In Appellant’s second point, he claims that the trial court erred when it overruled Appellant’s objection to the prosecution’s improper jury argument.  During closing arguments, the prosecution stated that “[t]he defendant had a knife, and he threatened to kill [Degrete] and his family . . . [Appellant] told the detectives it didn’t happen exactly like that.”  At this point, Appellant objected stating that the comment was based on evidence outside of the record.  The trial court then overruled the objection.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). 

The record shows that during trial the prosecution asked Appellant whether he talked to a detective after the assault.
  
Appellant responded by saying that he did not remember if the person he spoke to was a detective, but that he did speak with someone.
  
The prosecution then asked Appellant if he remembered telling the detective that “the offense didn’t occur exactly like Mr. Degrete said it did.”
  
Appellant responded by saying that he did not remember telling the detective that, but that based on what Appellant had heard in trial the offense did not occur exactly like Mr. Degrete said it did.
  

The prosecution did not attempt to impeach Appellant’s statement by calling the detective to testify regarding the conversation.  No evidence, consequently, existed in the record to show that Appellant ever said anything to a detective.  Therefore, the comment was outside the record and improper.  
See Guidry v. State
, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999) (holding that error exists when facts not supported by the record are interjected in the argument).  The trial court committed error in overruling Appellant’s objection.  
Id.

We must now determine if the error requires us to reverse Appellant’s conviction.
  If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection cannot be reversible error unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. 
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999)
.
 

In the present case, Appellant stated at trial that “I don’t know if I told him that or not, but from what I’m hearing today, it didn’t happen exactly like he said.”  We hold that Appellant essentially testified to the same facts as the prosecution argued, except that Appellant said it in trial and not to a detective.  This minor difference 
did not have a substantial and injurious effect or influence on the jury’s verdict in light of the record as a whole.  
Tex. R. App. P. 
44.2(b); 
Martinez
, 17 S.W.3d at 692-93; 
Mosley,
 983 S.W.2d at 259.
  We hold that the improper argument was harmless.  Therefore, we overrule Appellant’s second point on appeal.  

CONCLUSION

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 8, 2003

FOOTNOTES
1:
See
 T
EX
. R. A
PP
. P. 47.4.